**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-20618
Summary Calendar

JOHNNY F HADNOT

Plaintiff-Appellant

v.

A BUTLER; STEVEN B ALEXANDER; EARNEST NAVARETTE; JOHN DOE BITT

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1304

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Johnny F. Hadnot, Texas prisoner # 912998, filed the instant 42 U.S.C. § 1983 suit against several officials at the facility where he was incarcerated to seek redress for injuries that he suffered in connection with an incident that resulted in his receiving a disciplinary conviction for, inter alia, assault upon an officer. Hadnot alleged that two of the defendant officers attacked him without provocation and that the two other defendants failed to properly train and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervise their subordinates. The district court determined that Hadnot failed to state a claim upon which relief could be granted and dismissed his suit pursuant to 28 U.S.C. § 1915A.

Hadnot now appeals that dismissal. Hadnot has not briefed, and has thus abandoned, any challenges he may have had to the district court's dismissal of his claims that certain defendants were liable to him due to their failure to train and supervise their subordinates. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hadnot argues that his recent filing of criminal charges against the defendants who allegedly used excessive force against him precludes the application of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to his case. We decline to consider this argument because it was not raised in the district court. *See LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

Hadnot also maintains that he has raised a viable Eighth Amendment claim against these defendants because they attacked him without provocation. Hadnot has not shown that his disciplinary conviction has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Further, Hadnot's suit is barred by *Heck* due to the nature of his claims and allegations. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.